# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADELEINE PICKENS,<br><br>                      Plaintiff,<br><br>vs.<br><br><br>J. MICHAEL PAULSON, as Trustee of the Allen E. Paulson Living Trust U/T/D dated December 23, 1986,<br><br>                      Defendant. | CASE NO. 06CV1471 IEG (JMA)<br><br>**ORDER [1] DENYING DEFENDANT'S MOTIONS TO DISMISS FOR IMPROPER VENUE [FRCP 12(b)(3); 28 U.S.C. § 1406(a)], [2] GRANTING DEFENDANT'S MOTION TO TRANSFER [28 U.S.C. § 1406(a)], [3] DENYING AS MOOT DEFENDANT'S MOTION TO TRANSFER FOR CONVENIENCE [28 U.S.C. § 1404(a)], and [4] DENYING DEFENDANT'S EVIDENTIARY OBJECTIONS**<br><br>[Doc. Nos. 4, 17-18] |

Presently before the Court is a motion by J. Michael Paulson, as Trustee of the Allen E. Paulson Living Trust U/T/D dated December 23, 1986 ("defendant") to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3); in the alternative, to transfer or dismiss pursuant to 28 U.S.C. § 1406(a); or, in the alternative, to transfer for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a).[1] [Doc. No. 4.] Also presently before the Court are defendant's multiple

---

[1] In passing references, defendant indicates no objection to a discretionary stay of this action, pending resolution of plaintiff's action filed in the Eastern District of Kentucky. [Memorandum of Points and Authorities in Support of Motion ("Memo. ISO Motion"), at 8 n.4; Reply, at 2.] Defendant does not specify legal grounds on which the Court should stay this action. Accordingly, the Court will treat the motion only as a motion to dismiss or transfer.

1  evidentiary objections to the Declaration of Madeleine Pickens and the Declaration of Barbara Orr
2  and exhibits attached thereto. [Doc. Nos. 17-18.]. The Court denies the evidentiary objections. For
3  the following reasons, the Court grants defendant's motion to transfer pursuant to § 1406(a).

## BACKGROUND

**A.    Factual History**

Theatrical is a thoroughbred stallion owned by a syndicate of shareholders, who hold a combined total of forty shares. [First Amended Complaint ("FAC") ¶¶ 7-8.] Each share entitles its holder to make one annual "nomination" of a mare to breed with Theatrical. [Memo. ISO Motion, at 1 n.2.] Shareholders also share in the expenses and profits derived from Theatrical. [Id.]

Allen Paulson gifted a share in Theatrical to his wife, Madeleine Paulson ("plaintiff"), in July 1994, and then gifted a second Theatrical share to plaintiff in January 1995. [FAC ¶ 9.] After Mr. Paulson died in the summer of 2000, defendant, who is also Mr. Paulson's son, sought to have certain of plaintiff's assets, including her two Theatrical shares ("disputed shares"), declared to be assets of Mr. Paulson's trust. [Memo. ISO Motion, at 2.]

Both parties filed a series of petitions in San Diego County Superior Court ("Superior Court") that reflect the contested ownership of plaintiff's disputed shares. [Orr Decla. in Opp. to Motion, Exhibits 3-4, 8-9; Streisand Decla. ISO Reply, Exhibit D.] On February 2, 2003, the parties executed the Settlement Agreement and Mutual General Release ("Settlement Agreement"). [Orr Decla. in Opp. to Motion ¶ 21, & Exhibit 15.] The Settlement Agreement required both parties to withdraw all their pending petitions with prejudice and provided for a mutual general release of claims. [Id. at Exhibit 15, pp. 169, 175, 183.] On March 14, 2003, the Superior Court entered an order approving the settlement. [FAC ¶ 13.]

The parties agree that the Settlement Agreement is silent as to the disputed shares. [Reply, at 1.] However, the parties continue to contest the true owner of the disputed shares. After the Settlement Agreement was approved, defendant allegedly instructed the syndicate representative to pay the fraction of income associated with the disputed shares, including profits from the sale of excess breeding nominations, into Mr. Paulson's trust. [FAC ¶ 19, 24.] Furthermore, when

1  plaintiff attempted to exercise her breeding nominations in 2003-04, defendant allegedly interfered
2  by instructing the syndicate representative to charge breeding fees. [Id. at ¶¶ 15-16.]
3       On March 30, 2004, plaintiff filed a Motion to Enforce Settlement Agreement in Superior
4  Court. [FAC ¶ 18; Orr Decla. in Opp. to Motion, Exhibit 15, p. 197.] Although the Superior Court
5  found that plaintiff owned the disputed shares, the California Court of Appeal reversed on the
6  ground that the Superior Court lacked jurisdiction. [Opp., at 12-13.] The Court of Appeal clarified
7  that plaintiff could bring a separate action to enforce the Settlement Agreement. [Request for
8  Judicial Notice ISO Motion, Exhibit B, p. 45.] On February 17, 2006 Plaintiff filed the present
9  action in Superior Court.

**B.  Procedural History**

    1.  California Action

Plaintiff's action in Superior Court alleged causes of action for (1) breach of contract (i.e., the Settlement Agreement), and (2) conversion. [Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), Exhibit A.] On February 22, 2006, plaintiff filed the FAC, which pled the same legal claims. [Id., Exhibit D.]

On July 20, 2006, defendant removed the action to this Court, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1441. [Doc. No. 1.]

On July 25, 2006, defendant filed this motion to dismiss or transfer. [Doc. No. 4.] On August 14, 2006, plaintiff filed an opposition to defendant's motion. [Doc. No. 10.]

On August 21, 2006, defendant filed evidentiary objections. [Doc. Nos. 17-18.] On August 23, 2006, defendant filed a reply. [Doc. No. 20.] The matter is now fully briefed, and the Court finds it appropriate for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).[2]

---

[2] The Court hereby grants all requests for judicial notice filed in conjunction with this motion. After defendant filed the reply, plaintiff then filed an ex parte application for leave to file a supplemental declaration. [Doc. No. 26.] The Court hereby grants plaintiff's application. However, upon review, the Court finds the supplemental declaration does not contain any material necessary for the disposition of this motion.
    Plaintiff simultaneously filed evidentiary objections to portions of defendant's declarations in support of the motion. [Id.] Defendant objects that plaintiff's objections are untimely. [Doc. No. 28.] The Court notes that some of plaintiff's objections appear to be meritorious, especially those concerning references to the nonexistent Jockey Club certificates. Because these objections are potentially untimely and do not pertain to matter relevant to disposition of this motion, however, the

1  //

2      2.    <u>Kentucky Action</u>

3  On March 3, 2006, plaintiff filed a federal action in the Eastern District of Kentucky

4  against defendant as manager of the Theatrical syndicate.[3]  [Kentucky Complaint ("Ky. Compl."),

5  Request for Judicial Notice in Support of Motion, Exhibit A, pp. 3-34.]  Plaintiff alleges causes of

6  action for (1) breach of contract [i.e., the Theatrical Syndicate Agreement ("Syndicate

7  Agreement")[4]], (2) injunctive relief, (3) breach of fiduciary duty and fraud, and (4) accounting.

8  [Ky. Compl. ¶¶ 20-38.]

9  The Eastern District of Kentucky has issued a scheduling order setting deadlines for

10  motions to amend the pleadings, discovery, dispositive motions, expert witness reports, and

11  motions in limine.  [Hallahan Decla. ISO Reply, Exhibit C, pp. 65-67.]  This scheduling order also

12  sets dates for pretrial conferences and trial.  [<u>Id.</u>, Exhibit C, p. 67.]

13  **DISCUSSION**

14  **A.**    **Motion to Dismiss (Rule 12(b)(3)) and Motion for Mandatory Dismissal or Transfer**

15      **(28 U.S.C. § 1406(a))**

16  The Court addresses these two motions together because they raise the same legal issue:

17  whether the Southern District of California is a proper venue for this action.  If this Court is a

18  proper venue, then both of these motions must be denied.  If this Court is an improper venue, then

19  the Court has the discretion to dismiss under Rule 12(b)(3) or transfer in the interests of justice,

20  pursuant to 28 U.S.C. § 1406(a).  <u>King v. Russell</u>, 963 F.2d 1301, 1304 (9th Cir. 1992); <u>Best</u>

21  <u>Western Int'l, Inc. v. Govan</u>, No. CIV 05-3247-PHX RCB, 2006 WL 2523460, at *2 (D. Ariz.

---

Court declines to rule on them.

[3] Although plaintiff's Kentucky Complaint originally named defendant in his individual capacity as syndicate manager, plaintiff intends to amend that complaint to sue defendant as syndicate manager, whether defendant holds that position in an individual capacity or as trustee of Mr. Paulson's trust. [Opp., at 17 n.7.]  In the California action, plaintiff is suing defendant as trustee of Mr. Paulson's trust.

[4] The Syndicate Agreement is a different agreement from the Settlement Agreement. The Syndicate Agreement's purpose is "to set forth . . . such terms and conditions to govern the standing of the stallion for breeding purposes and the ownership thereof, and to enter into an agreement with the Syndicate Manager for the supervision and management of the stallion."  [J. Michael Paulson Decla. ISO Motion, Exhibit B, p. 55.]

Aug. 29, 2006).

//

### 1. Legal standard

In removal actions, 28 U.S.C. § 1441 initially governs venue: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Therefore, when an action is removed from state court, § 1441, and no other statute, determines venue. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953).

After removing an action to the proper federal court, a defendant may then object to venue on the basis of a forum selection clause. Spradlin v. Lear Siegler Mgmt. Services, 926 F.2d 865, 869 (9th Cir. 1991); Tokio Marine & Fire Ins. Co. v. Nippon Express U.S.A. (Ill.), Inc., 118 F. Supp. 2d 997, 999 (C.D. Cal. 2000). For a Rule 12(b)(3) motion based on a forum selection clause, the district court "draw[s] all reasonable inferences . . . and resolve[s] all factual conflicts in favor of the non-moving party[.]" Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004). If the non-moving party asserts facts sufficient to prevent enforcement of the clause, the non-moving party can remain in the chosen forum "unless and until the district court has resolved any material factual issues that are in genuine dispute." Id. at 1139. Nonetheless, the district court may consider facts outside the pleadings. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

28 U.S.C. § 1406(a) provides: "The district court . . . in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Courts are most likely to order transfer rather than dismissal when the plaintiff has run the statute of limitations or defendant has deceived plaintiff on facts relative to venue. 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3827 (2d ed. 1986). However, courts have broad discretion to transfer for any reason they deem "in the interest of justice." See United Fin. Mortgage Corp. v. Bayshores Funding Corp., 245 F. Supp. 2d 884, 896 (N.D. Ill. 2002) (finding

1   "no purpose" for requiring plaintiff to refile its suit in another forum, where plaintiff had initially
2   filed its complaint in the wrong venue in good faith); Vitricon, Inc. v. Midwest Elastomers, Inc.,
3   148 F. Supp. 2d 245, 249 (E.D.N.Y. 2001) (transferring the action to the district prescribed by the
4   forum selection clause).
5       Forum selection clauses are presumptively valid and "should be enforced unless . . .
6   'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10
7   (1907). The clauses are unreasonable where (1) the clause was incorporated into the contract by
8   fraud or undue influence, (2) enforcing the clause would effectively deprive the objecting party of
9   a forum to litigate, or (3) enforcing the clause would run strongly contrary to the public policy of
10  the forum where the plaintiff brings suit. Argueta, 87 F.3d at 325. Otherwise, "where venue is
11  specified with mandatory language[,] the clause will be enforced." Docksider, Ltd. v. Sea Tech.,
12  Ltd., 875 F.2d 762, 764 (9th Cir. 1989). A court can then dismiss litigation filed outside the
13  selected forum for improper venue. Koresko v. RealNetworks, Inc., 291 F. Supp. 2d 1157, 1160
14  (E.D. Cal. 2003).

15  **B.     Legal Analysis**

16      Defendant properly removed this action from the San Diego Superior Court because the
17  Southern District of California "embrac[es]" the Superior Court. See 28 U.S.C. § 1441(a).
18  Defendant may now object to venue on the basis of a forum selection clause. The Syndicate
19  Agreement contains the following forum selection clause:

20      12.2   CONTROLLING LAW. This Agreement, as well as all the instruments
    executed with respect or pertaining to any right or interest created hereunder, shall
21  be governed and construed under the prevailing law of the State of Kentucky.
    Venue for any action brought hereunder shall be in Lexington, Fayette County,
22  Kentucky.

23  [Memo. ISO Motion, Exhibit A, p. 27.]

24      Defendant argues the Syndicate Agreement governs this dispute because the Syndicate
25  Agreement "governs all aspects of the ownership" of Theatrical shares. [Id. at 4.] Plaintiff
26  describes the Syndicate Agreement as "irrelevant" because plaintiff's complaint does not allege a
27  breach of the Syndicate Agreement.
28      Although the Court may consider facts beyond the pleadings in a Rule 12(b)(3) motion, it

need not do so here because facts squarely within the pleadings establish that the forum selection clause applies to plaintiff's action. Plaintiff states that Mr. Paulson's gifts of the disputed shares to plaintiff were "documented by an Assignment and Acceptance[.]" [FAC ¶ 9.] Both Assignment and Acceptance forms state that the plaintiff, as the recipient of a Theatrical share, "agrees to be bound by the terms and conditions of the aforementioned Syndicate Agreement[.]" [FAC, Exhibit A.] The second of these forms clarifies that the "aforementioned Syndicate Agreement" is, in fact, the Theatrical Syndicate Agreement. That form states the assignment is subject to the "Theatrical (IRE) Syndicate Agreement," and the form references no other such syndicate agreement. [Id.]

Therefore, when plaintiff received the disputed shares, plaintiff was bound by the Syndicate Agreement's terms, including the forum selection clause. That clause lays venue not only for actions under the Syndicate Agreement, but also for actions under "all the instruments . . . pertaining to any right or interest created" under the Syndicate Agreement. [Memo. ISO Motion, Exhibit A, p. 27.] Applied to these facts, plaintiff alleges the Settlement Agreement resolved her ownership of the disputed shares. [FAC ¶ 12.] After the Settlement Agreement, plaintiff enjoyed "rights to her Theatrical shares." [FAC ¶ 23.] Those rights in Theatrical shares "pertain[] to" rights created under the Syndicate Agreement, because the ownership rights plaintiff claims to have–most prominently, the right to a breeding nomination for each share–exist only because the Syndicate Agreement says so. [Memo ISO Motion, Exhibit A, p. 19, ¶ 5.2.] Because the Settlement Agreement is an instrument pertaining to rights created under the Syndicate Agreement, the forum selection clause of the Syndicate Agreement applies to this action for breach of the Settlement Agreement.[5]

Despite plaintiff's protest that she does not allege a breach of the Syndicate Agreement, a

---

[5] To make clear why the Syndicate Agreement's forum selection clause must apply, the Court contrasts the present action with the Motion to Enforce Settlement Agreement that the plaintiff had previously filed in Superior Court. In the previous action, the Superior Court (1) declared plaintiff to be the owner of the disputed shares under the Settlement Agreement and (2) awarded plaintiff her attorneys' fees and costs. [Orr Decla. in Opp. to Motion, Exhibit 20, p. 248.]

If plaintiff sought a declaration that she owned the disputed shares by virtue of the Settlement Agreement, this Court would merely interpret the Settlement Agreement, without addressing any rights pertaining to the Syndicate Agreement. Instead, plaintiff seeks damages arising from the deprivation of rights that plaintiff enjoys as the owner of the disputed shares. The rights enjoyed by any Theatrical shareholder, including plaintiff, arise from the Syndicate Agreement, and not the Settlement Agreement.

1  forum selection clause can apply to litigation that does not allege a breach of the contract

2  containing that clause.  In <u>Koresko</u>, a purchaser of computer software agreed to an online license

3  agreement containing a forum selection clause.  291 F. Supp. 2d at 1158.  Although the

4  purchaser's amended complaint stated no claim for breach of the license agreement, the district

5  court found that the mandatory language in the  forum selection clause required dismissal of the

6  entire case under Rule (12)(b)(3).  <u>Id.</u> at 1162-63.

7       Finally, plaintiff does not make any arguments that the forum selection clause in the

8  Syndicate Agreement is "unreasonable."  <u>See</u> <u>Bremen</u>, 407 U.S. at 10.  Plaintiff does not allege

9  that the forum selection clause was incorporated into the Syndicate Agreement by fraud or undue

10 influence.  The clause does not deprive plaintiff of a forum to litigate; indeed, plaintiff has already

11 begun to litigate a separate action in the Eastern District of Kentucky.  Nor does plaintiff direct the

12 Court's attention to any contrary California public policy.  The wording of the clause closely

13 resembles language that the Ninth Circuit found mandatory in <u>Docksider</u>. 875 F.2d at 763-64.

14 Because this forum selection clause is mandatory and not unreasonable, the Court must enforce it.[6]

15 <u>Id.</u> at 764.

16      The Court finds that transfer of the action pursuant to 28 U.S.C. § 1406(a) is the proper

17 action, rather than dismissal.  Defendant provides no argument for dismissal besides a conclusory

18 reference to the forum selection clause.  [Memo. ISO Motion, at 6.]  The Court deems transfer to

19 be "in the interest of justice" for the timely disposition of this case, along with related disputes

---

[6] Plaintiff contends that, if the forum selection clause did not apply, venue in the Eastern District of Kentucky would be improper under 28 U.S.C. § 1391(a).  The Court disagrees with Plaintiff's contention. In diversity actions such as this case, venue is appropriate in "a judicial district in which a a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). In an action for breach of contract, the most appropriate venue is the place of intended performance. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 842 (9th Cir. 1986). Applied to these facts, if defendant had performed under the Settlement Agreement, defendant would have allowed the plaintiff to exercise nominations for and receive income from Theatrical breedings. [FAC ¶ 24.]  Those breedings would take place in Lexington, Kentucky, because, as plaintiff acknowledges, Theatrical is located there. [Opp., at 16.] Therefore, with reference to the disputed shares, Lexington, Kentucky is the place of the Settlement Agreement's intended performance and the "most appropriate" venue in this action for breach. <u>See</u> <u>Decker Coal</u>, 805 F.2d at 842.

1  between these parties currently pending in the Eastern District of Kentucky.[7]

2  //

### CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** defendant's motion to transfer pursuant to 28 U.S.C. § 1406(a) [4-2] and **TRANSFERS** this case to the Eastern District of Kentucky.  The Court **DENIES** defendant's motions to dismiss [4-1, 4-3].  The Court **DENIES AS MOOT** defendant's motion to transfer for convenience [4-4].  The Court also **DENIES** defendant's evidentiary objections to plaintiff's declarations in opposition to the motion.

**IT IS SO ORDERED.**

**DATED: September 27, 2006**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge
United States District Court**

---

[7] Because the enforcement of the forum selection clause renders venue improper in this district, the Court has no opportunity to consider defendant's motion for discretionary transfer pursuant to 28 U.S.C. § 1404(a).